Aug. 10, 1876.}        BANK *v.* RAYMOND.

*Sale of chattel by mortgagor.*

The mortgagor of a chattel, with the verbal consent of the mortgagees, sold it to the defendant without notifying him of the existence of the mortgage; but before delivery, and before payment of the purchase-money, the mortgagees informed the defendant of the mortgage, and that they would hold him accountable to them for the price. *Held*, that the mortgagees could recover the price of the purchase in an action of assumpsit in their own names.

From Rockingham Circuit Court.

Assumpsit, for goods sold and delivered, and an account annexed to the writ for hay, and interest. The cause was sent to a referee, who reported as due the plaintiffs $246.55, and the following facts: " The hay, to recover the price of which this suit is brought, was the property of Parna Towle and J. Warren Towle, jointly; before its sale it was mortgaged by them to the plaintiffs; it was sold by J. Warren Towle to the defendant's agent, with the verbal authority on the part of the plaintiffs for him to find a purchaser for it. Towle had no written authority to sell it. After its sale, and before its delivery, the plaintiffs notified the defendant that it was mortgaged to them; showed him the mortgage, and informed him that they should hold him accountable to them for the price. At the time of the sale Towle did not disclose the mortgage. The defendant has paid no one for the hay, the price of which the plaintiffs are seeking to recover in this suit. Both parties moved for judgment on the report. The court, Foster, C. J., C. C., ordered judgment for the plaintiffs, and the defendants excepted.

*Stickney* and *Marston,* for the plaintiffs.

*Hatch, Cross & Burnham,* for the defendants.

Ladd, J. The sale having been made with the verbal assent of the mortgagees, passed the title to the defendants—*Gage* v. *Whittier,* 17 N. H. 312—so that no action of trover or replevin could be maintained against them for the hay. They are not concerned with the adjustment of any legal or equitable rights between the mortgagors and mortgagees. They bought the hay under such circumstances as to acquire a good title, and the only question for them now is, who is entitled to be paid for it. It seems to me that is a very plain question, and one upon which there was little need of their going astray.

It seems that the mortgagors could not maintain an action for the price, because of their violation of the statute. *Gage* v. *Whittier, supra,* p. 318. The defendants' title, conferred by the sale, rests upon

and grows out of the assent of the mortgagees, given not to them, but to the mortgagor, Towle. The amount of it is, that Towle was acting as agent of the mortgagees in making the sale. This being so, the positions of the plaintiffs' counsel seem to be incontrovertible, and show that the judgment should be in their favor upon two grounds: (1) That before the delivery of the hay, or payment of the price, the defendants were notified of the mortgage, and that the plaintiffs required payment to be made to them. " It is now well settled by authorities," says SHAW, C. J., in *Huntington* v. *Knox*, 7 Cush. 373, " that where the property of one is sold by another as agent, if the principal give notice to the purchaser, before payment, to pay to himself and not to the agent, the purchaser is bound to pay the principal, subject to any equities of the purchaser against the agent;" (2) that an undisclosed principal may recover against the purchaser the price of goods sold by his agent; and this is so, irrespective of previous notice.

I do not think the case is presented to us in such aspect that the rights of Parna Towle need be considered or adjusted. The question does not appear to have been raised at the trial whether the defendants obtained a good title as against her, and if it had been, it is quite likely that her acquiescence in some way would have been shown. But at all events her title and rights in the property are subject to the rights of the plaintiffs as mortgagees, and this suit settles nothing between the parties to the mortgage. I think the exceptions should be overruled.

SMITH, J. The provisions of the Gen. Stats., ch. 123, secs. 19–21, were made for the benefit of the mortgagor, and may be waived by him. A sale of the chattels, mortgaged by the mortgagee, with the assent of the mortgagor, is just as effectual as a sale under the statute, with the formalities prescribed by law. *Patrick* v. *Meserve*, 18 N. H. 300.

It is not to be presumed that Towle was empowered to negotiate a sale, unless his efforts could be made available. For what purpose was he to find a purchaser, unless it was that when he had found one, at such price as was satisfactory to him and the mortgagees, the latter should carry out the negotiation by receiving the pay, and apply it upon his debt? The case then, stands thus: The mortgagors agreed that the mortgagees might sell the hay at private sale, dispensing with the formalities required by the statute. The mortgagees constituted one of the mortgagors their agent to find a purchaser,—that is, to bargain the hay at a price satisfactory to them,—but not to receive the pay therefor. It makes no difference that the defendants did not know at the time that Towle was acting as the agent of the plaintiffs. They had notice of it before they paid for the hay, and were notified to pay the principals, and are therefore liable in this suit. *Chandler* v. *Coe*, 54 N. H. 561.

CUSHING, C. J., concurred.

*Judgment on the verdict.*